FILED
United States Court of Appeals
Tenth Circuit

February 2, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JIMMY DALE STONE,

    Petitioner - Appellant,

v.

KAMERON HARVONEK,

    Respondent - Appellee.

No. 23-6069
(D.C. No. 5:22-CV-00661-J)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Petitioner Jimmy Dale Stone, proceeding pro se, seeks a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely.[1]  We deny a COA.

**I.**

Mr. Stone was convicted in Garvin County, Oklahoma, on January 25, 2018, for three counts of lewd or indecent acts to a child under 16.  His conviction was affirmed on February 28, 2019, and he did not seek review by the United States Supreme Court.  His

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Stone proceeds pro se, we "liberally construe his filings, but we will not act as his advocate."  _James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

conviction therefore became final on May 29, 2019, and the one-year period for him to bring a federal habeas corpus petition under § 2254 expired on May 30, 2020. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

On July 9, 2020, the Supreme Court decided *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). "*McGirt* . . . held that the Creek Reservation had never been disestablished and that the land it encompassed remained Indian country for purposes of the Major Crimes Act." *Pacheco v. El Habti*, 62 F.4th 1233, 1239 (10th Cir. 2023), *cert. denied*, 143 S. Ct. 2672 (2023). The consequence of *McGirt* is that Oklahoma lacks jurisdiction to convict Indians of crimes covered by the Major Crimes Act, 18 U.S.C. § 1153(a), in many parts of Oklahoma which are "Indian country" within the meaning of § 1153(a). *See McGirt*, 140 S. Ct. at 2459; *Pacheco*, 62 F.4th at 1237.

Mr. Stone did not initially file a § 2254 petition seeking relief based on *McGirt*. But he did file an application for post-conviction relief in the Oklahoma courts, on September 2, 2020. That application was denied, and Mr. Stone first appealed to the Oklahoma Court of Criminal Appeals, then sought review by the United States Supreme Court, which denied certiorari on May 2, 2022.

Mr. Stone then filed his § 2254 petition in the federal district court, on July 29, 2022. His petition argues, consistent with *McGirt*, that Oklahoma lacked jurisdiction to convict him because he is an Indian and the crime for which he was convicted occurred in Indian country. A magistrate judge recommended his petition be dismissed as untimely because it was filed more than two years after the time period to bring a § 2254 petition had ended, on May 30, 2020. The magistrate judge noted Mr. Stone's application for

2

state post-conviction relief was filed after that deadline and therefore did not extend the time for Mr. Stone to bring a § 2254 petition. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations.").

Mr. Stone filed objections to the recommendation. He did not dispute that his § 2254 petition was untimely, but he asked for equitable tolling based on prison lockdowns. He filed a letter from an acting warden stating the prison had been on lockdowns, first for security from September to October 2019, then for the COVID-19 pandemic from approximately April 2020 through June 2021. The letter corroborated his claim of extremely limited access to the law library and legal resources in those periods.

The district court adopted the recommendation and dismissed Mr. Stone's petition as untimely. It denied his request for equitable tolling, ruling that "[e]ven if the statute of limitations is equitably tolled for the . . . lockdown[s] . . . Petitioner filed his Petition . . . over a year after the COVID-19 lockdown was lifted." R. at 85. It also observed "the first lockdown occurred approximately three months after Petitioner's conviction became final and the second lockdown occurred approximately five months after the first lockdown had lifted." *Id.* at 85 n.3. The district court concluded the "extremely long period of time cannot support any finding of diligence by Petitioner." *Id.* at 85.

Mr. Stone appealed. On limited remand, the district court denied a COA, and Mr. Stone now requests one from this court.

**II.**

To appeal, Mr. Stone must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Because the district court dismissed his petition on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if reasonable jurists would not debate the resolution of the procedural one. *See id.* at 485.

Mr. Stone's COA application argues the district court "misinterpreted the filing due date" for his petition. Aplt. Br. at 2. But he does not dispute either that the one-year limitations period expired on May 30, 2020, or that his petition was filed more than two years later, on July 29, 2022. He argues that because he filed an application for post-conviction relief *in the state court* on September 2, 2020, we should treat that as the relevant filing date, making his petition late by only "approximately 3 months." *Id.*

But the one-year limitations period set the date by which Mr. Stone was required to file his § 2254 petition *in federal court*. *See* § 2244(d)(1). Under § 2244(d)(2), the time when a properly filed application for state post-conviction relief is pending does not count against the one-year period. But, as the magistrate judge pointed out, Mr. Stone's application for post-conviction relief in state court did not extend the time for his § 2254 petition, because his state court application was filed after the § 2254 deadline had already passed. *See Clark*, 468 F.3d at 714. Reasonable jurists would not debate the determination that Mr. Stone's § 2254 petition was filed more than two years late.

Mr. Stone also objects to the district court's finding that he did not establish the diligence required for equitable tolling. His argument is unavailing. Equitable tolling is "a rare remedy," and a petitioner "bears a strong burden to show specific facts to support his claim." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (internal quotation marks omitted). Mr. Stone must show both (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The district court's denial of equitable tolling is reviewed for abuse of discretion. *Al-Yousif*, 779 F.3d at 1177.

The district court found Mr. Stone did not establish diligence because he filed his § 2254 petition more than a year after the prison lockdown lifted. The diligence showing requires a petitioner to "allege with specificity the steps he took to diligently pursue his *federal* claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (emphasis added; internal quotation marks omitted). Mr. Stone has not identified any steps he took to bring his *federal* § 2254 petition, either before or after he filed his state court application. He argues he showed diligence by filing his state court application as soon as he was able, given the lockdowns, then pursuing appellate review through the U.S. Supreme Court before filing his § 2254 petition. However, his claim of diligence in the state court proceedings does not satisfy the showing required for equitable tolling of the federal limitations period. *See Yang*, 525 F.3d at 930.

Given the record and timing of his filings, we understand Mr. Stone's argument to be not so much that he was unable to file his § 2254 petition earlier, but instead that he

5

waited to do so until his state court proceedings were concluded (i.e., after the Supreme Court denied review). This is effectively a claim that his delay was based on a mistaken belief about the law. To the extent Mr. Stone believed his state court proceedings tolled the statute of limitations, he was mistaken for the reason explained above. *See Clark*, 468 F.3d at 714. Likewise, to the extent he believed he was precluded from filing a § 2254 petition before exhausting his claim based on *McGirt* in the state courts, that belief was also mistaken. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting a prisoner can file a "protective petition in federal court . . . asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"). However, "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted)).

Accordingly, neither Mr. Stone's pursuit of state court relief, nor a mistaken belief that his state court proceedings had tolled the time to bring a § 2254 petition compelled the district court to grant equitable tolling. Reasonable jurists therefore would not debate whether the district court abused its discretion by denying equitable tolling.

6

## III.

For the foregoing reasons, we deny a certificate of appealability and dismiss this

matter.  Mr. Stone's motion to proceed without prepayment of costs or fees is granted.

Entered for the Court


Carolyn B. McHugh
Circuit Judge